UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN IZQUIERDO,

                  Plaintiffs,

    v.

34TH STREET DINER INC., SCOTT
CAMPBELL, TED DANIIL, GEORGE
KRPEYAN, and ALEXANDROS
SGOURDOS,

                Defendants.

**ORDER**

21 Civ. 4799 (PGG)

PAUL G. GARDEPHE, U.S.D.J.:

On May 28, 2021, Defendants removed this employment discrimination action from New York state court pursuant to 28 U.S.C. § 1441(a).  (Dkt. No. 1)  On June 3, 2021, Plaintiff Juan Izquierdo moved to remand pursuant to 28 U.S.C. 1447(c).  (Dkt. No. 3)  For the reasons stated below, this Court concludes that removal was untimely under 28 U.S.C. § 1446(b).  Accordingly, this case will be remanded to Supreme Court of the State of New York, New York County.

**BACKGROUND**

On October 21, 2020, Plaintiff Juan Izquierdo served Defendant 34th Street Diner, Inc. and five individual Defendants with a Summons with Notice.  (Summons (Dkt. No. 1-1); Sup. Court Docket (Dkt. No. 1-5) at 2)  On February 9, 2021, the parties filed a stipulation extending Plaintiff's time to file and serve the complaint to April 1, 2021.  (Notice of Removal (Dkt. No. 1) ¶ 2; Stip. (Dkt. No. 1-3) at 2)

On March 30, 2021, Plaintiff filed the Complaint in Supreme Court of the State of New York, New York County.  (Notice of Removal (Dkt. No. 1) ¶ 3; Cmplt. (Dkt. No. 1-2))

The Complaint pleads claims under 42 U.S.C. § 1981; Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; the New York State Human Rights Law, New York Executive Law § 296; and the New York City Human Rights Law, New York City Administrative Code, §§ 8-107, 8-502.  On April 28, 2021, the parties filed a stipulation extending Defendants' time to answer or otherwise move with respect to the Complaint to May 28, 2021.  (Stip. (Dkt. No. 1-4) at 2)

On May 28, 2021, Defendants removed this action, alleging federal question jurisdiction.  (Notice of Removal (Dkt. No. 1))  Defendants assert that removal is timely under 28 U.S.C. § 1446(b) given the parties' April 28, 2021 stipulation extending to May 28, 2021 Defendants' time to answer or otherwise move with respect to the Complaint.  (Id. ¶ 12)

Plaintiff has moved to remand, arguing that removal is untimely under 28 U.S.C. § 1446(b) because the Defendants removed the case more than thirty days after the Complaint was filed in state court.  (Pltf. Mot. (Dkt. No. 3) at 1)

## DISCUSSION

I. **LEGAL STANDARD**

A. **Timeliness of Removal**

Title 28, U.S.C., Section 1446(b)(1) provides that a

notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b)(1).

"[A]bsent a finding of waiver or estoppel, federal courts rigorously enforce the statute's thirty-day filing requirement."  Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1046 (2d Cir. 1991), superseded by rule on other grounds as stated in Contino v. United States, 535

F.3d 124, 126 (2d Cir. 2008) (citing cases).  "These statutory procedures for removal are to be strictly construed."  Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28, 32 (2002) (citing cases). "As a general rule, if a defendant fails to timely remove a case in compliance with the procedures set forth in § 1446, the right to remove is irretrievably lost."  MG Bldg. Materials, Ltd. v. Paychex, Inc., 841 F. Supp. 2d 740, 744 (W.D.N.Y. 2012) (citing cases).  "[T]he burden is on the removing party to show that . . . removal was timely and proper."  Winter v. Novartis Pharm. Corp., 39 F. Supp. 3d 348, 350 (E.D.N.Y. 2014) (citing, inter alia, Wilson v. Rep. Iron & Steel Co., 257 U.S. 92, 97 (1921)).

## II.   ANALYSIS

Here, Defendants do not dispute that they filed their notice of removal after the thirty-day statutory period expired.  Defendants argue, however, that because they had obtained a stipulation extending their deadline to respond to the Complaint, they "reasonably believed that the stipulation likewise extended the removal deadline."  (Def. Br. (Dkt. No. 8) at 2).

"The extension of time to answer a state court action does not extend time for removal under a federal statute."  Silvester + Tafuro, Inc. v. Daniel Cline & Assocs., Inc., No. 03 Civ. 9954 (CSH), 2004 WL 345516, at *2 (S.D.N.Y. Feb. 23, 2004) (citing Reliance Ins. Co. v. Van Liew Capital, Inc., 2000 WL 224104, at *1 (S.D.N.Y. Feb. 28, 2000); Bertrand v. Vingan, 899 F. Supp. 1198, 1199 (S.D.N.Y. 1995).  Accordingly, in obtaining a stipulation extending their time to answer, Defendants did not thereby obtain a concomitant extension of their time to remove.

Citing Gordon v. Stop & Shop Supermarkets Inc., No. 19 Civ. 10582 (GBD), 2020 WL 3578151 (S.D.N.Y. July 1, 2020), however, Defendants argue that this Court has "inherent authority to excuse procedural defects" such as untimely removal on fairness grounds. (Def. Br. (Dkt. No. 8) at 1)  Gordon is of no assistance to Defendants.  In that case, the defendant

3

had filed a notice of removal within the statutory thirty-day period, but had captioned its papers as a "Petition of Removal" rather than a "notice of removal."  Gordon, 2020 WL 3578151, at *2. The Gordon court found the captioning error "merely technical, rather than substantive," and deemed the removal timely.  Id.

The circumstances here are not comparable to those in Gordon.  Defendants did not improperly caption their notice of removal; they filed their notice of removal long after the thirty-day statutory period had expired.  And Defendants were on notice of well established precedent in this District holding that a stipulation extending the time to answer or move with respect to a complaint would not likewise extend the thirty-day period for removal.  See Silvester + Tafuro, Inc., 2004 WL 345516, at *2; Reliance Ins., 2000 WL 224104, at *1; Bertrand, 899 F. Supp. at 1199.

Defendants do not argue that principles of waiver or estoppel excuse their failure to comply with the statutory mandate, see Jordan v. Aarismaa, 896 F. Supp. 94, 95 (N.D.N.Y. 1995) (citing Nicola Products Corp. v. Showart Kitchens, Inc., 682 F. Supp. 171, 173 (E.D.N.Y. 1988)) ("[A]bsent a waiver or estoppel, the court may not extend the thirty day period, nor can the parties stipulate to ignore the limitation."), nor would there be any basis for such a finding.

Waiver or estoppel in this context "obtains only in the narrowest of circumstances . . . ."  Reliance Ins., 2000 WL 224104, at *1.  A finding of waiver would require evidence that "the parties reach[ed] a 'specific agreement'" regarding removal, such as a representation on plaintiff's part that he would not move for remand.  Id. (quoting Nicola Products, 682 F. Supp. at 173)  Here, the stipulation at issue does not address removal.

Estoppel has been applied where a plaintiff agrees to dismiss an action during the thirty-day removal period, but then reneges on that representation after the period expires.

<u>Staples v. Joseph Morton Co.</u>, 444 F. Supp. 1312, 1313-14 (E.D.N.Y. 1978).  But here there is no evidence that there was an "agreement to discontinue the action" during the thirty-day period, or that Plaintiff misled the Defendants in any way.  <u>Nicola Products</u>, 682 F. Supp. at 173.

## <u>CONCLUSION</u>

For the reasons stated above, Plaintiff's motion to remand (Dkt. No. 3) is granted. The Clerk of Court is directed to terminate the motion, close this case, and return the matter to the Clerk of Supreme Court of the State of New York, New York County.

Dated: New York, New York
       January 7, 2022

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge